# FORDHARRISON LLP

ATTORNEYS AT LAW

100 Park Avenue, Suite 2500
New York, New York 10017
Tel (212) 453-5900 • Fax (212) 453-5959
www.fordharrison.com

ROSHNI CHAUDHARI
(212) 453-5949
rchaudhari@fordharrison.com

January 20, 2015

**VIA ECF**

The Honorable Nina Gershon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Stephanie Fletcher-Scott et al. v. LogistiCare Solutions, LLC et al.
            Civil Action No.: 14-cv-6221 (NG) (RLM)

Dear Judge Gershon:

      We are counsel to defendants LogistiCare Solutions, LLC ("LogistiCare"), Azya Washington ("Washington") and Allisha Rambharose ("Rambharose") (collectively, "Defendants") in the above-referenced action. Defendants seek to file a Motion to Dismiss the Complaint, and pursuant to Your Honor's Individual Motion Practices ¶ 3A, hereby submit this letter to respectfully request a pre-motion conference and briefing schedule. The grounds for the Motion to Dismiss are summarized below.

      1.  **Plaintiffs' Allegations**

      Plaintiffs Stephanie Fletcher-Scott ("Fletcher-Scott") and Sheneshia Cox ("Cox") (collectively, "Plaintiffs") allege that they were employed by LogistiCare and are African-American females. (Complaint ¶¶ 6-7). Plaintiffs assert that on June 12, 2014 they complained to Washington regarding "racially insensitive signage" on "a supervisor's" desk, which stated "Ghetto Word of the Day." (Complaint ¶¶ 13-14). The Complaint provides no further details regarding the signage, but admits that it ceased to be displayed after Plaintiffs' internal complaint. (Complaint ¶ 16).

      Plaintiffs contend that on June 13, 2014, they were separately called into the office of Washington. (Complaint ¶ 17). Washington allegedly informed Plaintiffs that a co-worker had complained that Plaintiffs had been verbally abusive to that co-worker. (Complaint ¶ 18). On or about June 17, 2014, Plaintiffs were terminated on the basis that they were intimidating to other employees. (Complaint ¶ 21-22). Plaintiffs allege that Washington and Rambharose were both "present" at the termination. (Complaint ¶ 21).

The Honorable Nina Gershon
January 20, 2015
Page 2

Plaintiffs assert claims for retaliation and hostile work environment against all Defendants in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Executive Law § 296 et seq. ("NYSHRL"), and New York City Administrative Code ("NYCHRL").

**2. Grounds for Motion to Dismiss**

   A.   <u>The alleged "signage", which was taken down immediately after Plaintiffs complained, falls far from creating a severe or pervasive hostile work environment.</u>

To state a claim for hostile work environment, a plaintiff must plead facts that would tend to show that the complained of conduct "(1) is objectively severe or pervasive – that is - . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected characteristic]." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir 2007).  In assessing the totality of circumstances, courts are to consider: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance." *Id.*

The Complaint alleges that signage entitled "Ghetto Word of the Day" was visible at a supervisor's workstation and was racially insensitive.  Yet, the Complaint provides no further facts as to the contents of the signage, except that it was "in view" of anyone that passed that supervisor's "area." However, the Complaint also admits that once Plaintiffs complained about the signage, it was immediately taken down.  These allegations come nowhere close to the type or frequency of conduct sufficient to create a hostile work environment and therefore Counts four through six of the Complaint against all Defendants should be dismissed.

   B.   <u>Plaintiffs fail to plausibly state a claim for unlawful retaliation.</u>

In order to state a claim for retaliation, plaintiffs must allege that (i) they engaged in protected activity; (ii) the employer was aware of that activity; (iii) they suffered a materially adverse action; and (iv) there was a causal connection between the protected activity and the adverse action. *Kelly v. Howard I. Shapiro & Assocs.*, 716 F.3d 10, 114 (2d Cir. 2013).  A protected activity is "activity taken in good faith to protest or oppose statutorily prohibited discrimination." *Kessler v. Westchester Cnty. Dep't of Social Servs.*, 461 F.3d 199, 210 (2d Cir. 2006).  Specifically, plaintiffs are "required to have had a good faith, reasonable belief that [they] were opposing an employment practice made unlawful by Title VII." *Kelly*, 716 F.3d at 14.  In fact, "mere subjective good faith belief is insufficient; the belief must be reasonable and characterized by *objective* good faith." *Johnson v. City Univ. of NY*, 2014 WL 4412475, at *4 (S.D.N.Y. Sep. 8, 2014) (emphasis in original) (quoting *Kelly*, 716 F.3d at 16 and granting motion to dismiss retaliation claims because plaintiff failed to assert facts to plausibly allege he possessed a "reasonable, good-faith belief that he engaged in protected activity").

The Honorable Nina Gershon
January 20, 2015
Page 3


Here, Plaintiffs allege that they complained about signage entitled "Ghetto Word of the Day." Yet, Plaintiffs do not allege that there was any racially discriminatory behavior in the workplace, or any discriminatory conduct directed towards either of the Plaintiffs. With respect to the signage, which was displayed in an employee's personal workstation, Plaintiffs conclusory contention that the term "Ghetto Word of the Day" was "racially insensitive" is wholly insufficient to make their internal complaints protected activity.

Tellingly, the Complaint is devoid of facts related to (i) the specific contents of the signage other than its title; (ii) the race of Washington, who allegedly received Plaintiffs' complaint and purportedly was "present" at Plaintiffs' termination; or (iii) the circumstances surrounding who gave the "supervisor" the alleged signage, all facts that Defendants submit would make entirely implausible Plaintiffs' allegation that they were terminated because of protected activity, or that Plaintiffs' complaint concerning the signage was a reasonable good faith opposition of discriminatory conduct or employment practices. Consequently, Counts one through three of the Complaint against all Defendants should be dismissed.

  C. <u>The Complaint fails to assert sufficient facts against the individual defendants.</u>

It is axiomatic that there is no individual liability under Title VII and therefore Plaintiffs' retaliation and hostile work environment claims against Washington and Rambharose under Title VII must be dismissed. *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010).

It is unclear from the face of the Complaint whether Plaintiffs seek to impose direct individual liability against Washington and Rambharose, or whether Plaintiffs allege aider-and-abettor liability. Regardless, for the same reasons as stated above, all claims against the individual defendants should be dismissed.[1] *See also Petrisch v. HSBC Bank USA, Inc.*, 2013 WL 1316712, at *21 (E.D.N.Y. Mar. 28, 2013) (holding that aiding and abetting "is only a viable theory where an underlying violation has taken place").

            Respectfully Submitted,

            */s/ Roshni Chaudhari*

            ROSHNI CHAUDHARI

cc: Kenneth W. Richardson, Esq. (via ECF)

---

[1] As noted herein, the sole allegation against Rambharose is that she was "present" at Plaintiffs' termination. The sole allegations against Washington are that she received, and promptly acted upon, Plaintiffs' internal complaint about the signage, that Washington met with Plaintiffs and informed them of a co-worker's complaint against them, and that she was "present" at Plaintiffs' termination. These allegations are wholly insufficient to impose liability based either upon a direct liability or aider and abettor liability standard.